IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Harold E. KRAUSE, Jr., Attorney at Law.

Supreme Court

*No. 97–0915–D. Filed May 1, 1997.*

(Also reported in 562 N.W.2d 135.)

¶ 1. PER CURIAM. We review the stipulation filed by the Board of Attorneys Professional Responsibility (Board) in which it and Attorney Harold E. Krause, Jr. stipulated, pursuant to SCR 21.09(3m),[1] to

---

[1] SCR 21.09 provides, in pertinent part:

the imposition of a one-year suspension of Attorney Krause's license to practice law in Wisconsin as discipline for professional misconduct in his handling of two clients' personal injury settlements reciprocal to the license suspension imposed on him in Rhode Island for that misconduct. We determine that the license suspension to which the parties have stipulated is appropriate discipline to impose in this jurisdiction for Attorney Krause's professional misconduct in another jurisdiction where admitted to the practice of law.

¶ 2. Attorney Krause was admitted to practice law in Wisconsin in 1970 and has been suspended from practice since October, 1988 for failure to pay dues to the State Bar, in which he currently is registered as an inactive member. He has not been the subject of a prior disciplinary proceeding in Wisconsin.

¶ 3. In May, 1996, the Rhode Island Supreme Court suspended Attorney Krause's license to practice law there as discipline for professional misconduct. It was established in a disciplinary proceeding that he had transferred the balance of a personal injury settlement belonging to his client into his personal checking account. Five months later he sent the client a check for

**Procedure.**

. . .

(3m) The board may file with a complaint a stipulation by the board and the respondent attorney to the facts, conclusions of law and discipline to be imposed. The supreme court may consider the complaint and stipulation without appointing a referee. If the supreme court approves the stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline. If the supreme court rejects the stipulation, a referee shall be appointed pursuant to sub. (4) and the matter shall proceed pursuant to SCR chapter 22. A stipulation that is rejected has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the board's prosecution of the complaint.

▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆

the amount to which the client was entitled but put a stop payment order on that check. Five weeks later he gave the client a check and cash totaling the amount to which she was entitled.

¶ 4. In a second matter, Attorney Krause deposited a settlement made on behalf of a client into his business checking account. The check he subsequently gave the client for her portion of the settlement proceeds was dishonored when presented for payment. The following day, he gave her a good check for $8000 of the $9620 to which she was entitled and paid her the balance 10 days later. However, he did not pay that client's medical bills until several months after receiving the settlement proceeds. Some of those bills were not paid until more than 18 months after settlement.

¶ 5. The parties stipulated that the professional misconduct established in the Rhode Island proceeding violated the following Rules of Professional Conduct for Attorneys in Wisconsin. His deposit of funds belonging to clients into an account other than a client trust account and failure to promptly disburse them to the clients entitled to them violated SCR 20:1.15(a) and (b).[2] That conduct also violated SCR 20:8.4(c),[3] which

---

[2] SCR 20:1.15 provides, in pertinent part:

**Safekeeping property**

(a) A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c) maintained in a bank, trust company, credit union or savings and loan association authorized to do business and located in Wisconsin, which account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import, and no funds belonging to the lawyer or law firm except funds reasonably sufficient to pay account service charges may be deposited in such an account. . . .

proscribes conduct involving dishonesty, fraud, deceit or misrepresentation.

¶ 6. We adopt the findings of fact and conclusions to which the parties stipulated. As discipline for that misconduct, we impose a one-year license suspension.

¶ 7. IT IS ORDERED that the license of Harold E. Krause, Jr. to practice law in Wisconsin is suspended for one year, commencing the date of this order, as discipline for professional misconduct.

¶ 8. IT IS FURTHER ORDERED that Harold E. Krause, Jr. comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

 (b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[3] SCR 20:8.4 provides, in pertinent part:

**Misconduct**
It is professional misconduct for a lawyer to:
 . . .
 (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;